[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: April 15, 1994 Date of Application: April 18, 1994 Date Application Filed: April 18, 1994 Date of Decision: August 26, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport, Docket Number CR93-091681.
The petitioner plead guilty under the Alford Doctrine to Possession of Narcotics with Intent to Sell in violation of Conn. Gen. Stat. § 21a-277a. The court imposed a sentence of seven years and eight months to serve. The sentence was to be served CT Page 8648 concurrent with the sentence she was under at the time of sentencing.
The facts show that the petitioner was arrested after a search and seizure warrant was served on her in her apartment and narcotics were found along with drug paraphernalia. The petitioner was observed throwing a dark red nylon bag out of the apartment which contained 419 vials of Heroin. Present in the apartment at the time of the search was her grandson. Upon further search by the police at the station more drugs were found on the petitioner, that were found positive for Heroin.
At the hearing counsel for the petitioner argued that his client suffered from a poor childhood and that she is presently taking care of three kids who have various serious medical problems. He noted that the petitioner sold drugs to primarily support her drug habit and that she does not have a long track record in the criminal justice system. The attorney for the petitioner reminded the division that because of her drug addiction she is here before this court. Counsel asked for consideration by the division.
The state's attorney informed the division that the petitioner was convicted twice for the sale of narcotics and has also had a conviction for violation of probation on her record. Counsel noted that the sentence imposed was not disproportionate considering the amount of heroin involved in the arrest and that it strained credulity to say that the heroin was solely to support her own habit. Counsel noted that the petitioner could have been sentenced under the enhancement section of the statute and that the actual sentence imposed was quite moderate, especially in light of the fact that it was imposed concurrently with her previous sentences.
We examine a sentence imposed in accordance with section 942 of the Practice Book. Here the crime was serious and repetitive, the sentence imposed is neither disproportionate nor excessive.
SENTENCE AFFIRMED.
Norko, J.
Klaczak, J.
Miano, J. CT Page 8649
Norko, J., Klaczak, J., and Miano, J. participated in this decision.